## McKnight et al. v. Pardon et al.

May 30, 1950.

Sidney B. Neal, Judge.

David C. Brodie for appellants.

William M. Grant, Wilson & Wilson, George S. Wilson, Jr., and William L. Wilson for appellees.

JUDGE CAMMACK—Affirming.

The appellants and the appellees owned adjoining lots in Morton's Addition in Owensboro. The parties came in possession of their properties some eight years ago. The appellants entered upon their lot under a sales agreement and received a deed to it from George C. Littell, in 1945. Littell had acquired the property in 1905. The appellee, Mrs. Lillian Pardon, acquired her property by will from her mother-in-law, to whom it had been conveyed in 1924. The action was instituted by the appellees, who alleged that the appellants had encroached upon their lot. The strip of land in dispute is 6½ feet in width at the front and 12½ feet at the rear. The appeal is from a judgment granting the appellees the relief sought.

A principal contention of the appellants is that George C. Littell had acquired the strip of land in dispute by adverse possession. In the deed from Littell to the McKnights their lot is described as follows: "Being the south half of lot No. 18 in Morton's Addition to the City of Owensboro, Kentucky, fronting 25 feet, more or less, on the west side of Maple Street and extending back westwardly between parallel lines 124 feet to a twenty foot alley, the house located thereon being No. 620 Maple Street, Owensboro, Kentucky, being the same property which George C. Littell acquired in the year

1905 from Elizabeth Priest, by deed, which deed has been misplaced, lost or destroyed, and being the same property which has been in the possession of the party of the first part since the year 1905, his said possession having been open, notorious and adverse to all of the world, he having had said property fenced, and has assessed the same for taxes and paid the taxes thereon since the year 1905 to this date. See Affidavit of George C. Littell and Mary Littell hereto attached, and recorded with this deed.''

The proof for the appellants showed that for many years a fence had been maintained on the line contended for by them, and that Littell had always had the disputed strip in his possession. On the other hand, the appellees sought to show that it was almost impossible to tell where the old fence was located, and that actually they had the disputed strip in their possession.

There is sharp disagreement between the parties as to the interpretation of the foregoing quotation from the deed. It is the contention of the appellees that the deed shows clearly Littell meant to and did convey to the appellants only a 25 foot lot. The bases of this contention are that Lot 18 was a 50 foot lot, the south half, or 25 feet, of which was covered by the deed; the sides of the lot were described as being 124 feet in length and parallel to each other; and the property was the same which Littell acquired in 1905 by deed. It is argued that the side boundaries of the lot could not be parallel if the lot were 31½ feet in width at the front and 37½ feet in width at the rear; and, also, that the south half of Lot 18 would not contain a frontage of more than 25 feet. It is argued also that the commonly used words "more or less" in a deed can not be construed to include such a large discrepancy in the description as contended for by the appellants. The point is made also that taxes were paid on a 25 foot lot. On the other hand, the appellants vigorously contend that the latter part of the deed supports clearly their contentions by reference to Littell's alleged adverse possession and "he having had said property fenced.''

We think the chancellor reached a proper disposition of the case. The question is not the extent of

the property which Littell acquired under his deed of 1905 and by his alleged adverse possession, but rather what property did he convey to the appellants? We think a proper construction of the deed is that Littell conveyed to the appellants a 25 foot lot on the west side of Maple Street, the side boundaries of which extended westwardly between parallel lines 124 feet to the alley.

Judgment affirmed.